Dolan v. Fairbanks Capital Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand nineteen.

PRESENT:
> **ROBERT A. KATZMANN,**
> *Chief Judge,*
> **GUIDO CALABRESI,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

**Michael T. Dolan,**

> *Plaintiff-Appellant,*

**Donna M. Dolan, and family,**

> *Plaintiff,*

> v.                                                          **16-3879**

**Fairbanks Capital Corporation, a Utah corporation,**

> *Defendant-Appellee,*

**PMI Mortgage Insurance Company, Walnut Creek, CA, Thomas D. Basmajian, and his officers, employees, and agents, Fairbanks Capital Holding Corporation, a Delaware corporation,**

> *Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:** MICHAEL T. DOLAN, pro se, Smithtown, NY.

**FOR DEFENDANT-APPELLEE:** STEVEN R. KRAMER, Eckert Seamans Cherin & Mellott, LLC, White Plains, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, and the case is **REMANDED** to the district court with instructions.

Appellant Michael Dolan, pro se, sued Fairbanks Capital Corporation ("FCC") under federal and state law about FCC's conduct in servicing Dolan's mortgage loan. The district court dismissed some of Dolan's claims on summary judgment with prejudice and denied his motion for application of offensive collateral estoppel and judgment as a matter of law on other claims based on a state court judgment in Dolan's foreclosure proceedings. After trial, a jury concluded that he had not proven his remaining claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a grant of summary judgment and a denial of judgment as a matter of law. *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 197 (2d Cir. 2014) (judgment as a matter of law); *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (summary judgment). A district court "has considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion." *United States v. Parker*, 903 F.2d 91, 101 (2d Cir. 1990).

We offer the following analysis to address Dolan's primary arguments on appeal. First, Dolan was judicially estopped from seeking offensive collateral estoppel. In denying summary judgment in favor of FCC on the basis of res judicata, the district court had relied on Dolan's

2

argument that FCC had not been a party in the state action and that the state court had not determined whether FCC was liable to Dolan under state law. *See Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000). Second, summary judgment was proper on Dolan's Real Estate Settlement Procedures Act claims about transfer of servicing because Dolan disclaimed any "actual damages," which he was required to prove under 12 U.S.C. § 2605(f)(1). Third, the response to the jury's note requesting clarification about Dolan's injury was within the district court's "considerable discretion." *Parker*, 903 F.2d at 101.

That leaves, as the only significant remaining issue, Dolan's claim of deceptive acts or practices under N.Y. Gen. Bus. Law § 349. The resolution of this claim turns on the not uncomplicated issue of whether Dolan presented sufficient evidence that FCC's allegedly deceptive "acts or practices ha[d] a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995). That question being purely of state law, and with no federal claims remaining, we believe that the district court should have dismissed this claim without prejudice to Dolan renewing it in state court. *See Oneida Indian Nation of New York v. Madison County*, 665 F.3d 408, 436-37 (2d Cir. 2011).

We have considered all of Dolan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, **VACATE** the district court's dismissal of Dolan's N.Y. Gen. Bus. Law § 349 claim, and **REMAND** to the district court with instructions to dismiss that claim without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3